UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-290-FDW

| | |
|---|---|
| EDDIE ELLENBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HENDERSON COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e) and 1915A. On December 10, 2014, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8). Thus, Plaintiff is proceeding in forma pauperis.

### I. BACKGROUND

Pro se Plaintiff Eddie Ellenburg, a pre-trial detainee currently incarcerated at the Henderson County Detention Center, filed this action on November 5, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution based on alleged excessive force and deliberate indifference to serious medical needs. Plaintiff also alleges that he has been wrongly charged with various pending state crimes. In his Complaint, Plaintiff names as Defendants (1) the "Henderson County Jail"; (2) Greg Newman, identified as a "county prosecutor"; (3) Sheriff McDonald, identified as the Sheriff of Henderson County; and (4)

1

Shawn Brensen, identified as an officer at the Henderson County Detention Center.

The following allegations by Plaintiff are taken as true for the purpose of this initial review:

> On October 16, 2014 at 0600 hours officers of the Henderson County Jail opened my cell door in the SHU along with another inmate's cell. The other inmate came directly into my cell, jumped on me while in bed and proceeded to punch me about the head and neck area.
> Thereafter an officer entered my cell and tazed me while I was still in my bed. Officer Shawn Brensen.
> I requested medical attention and was denied.
> I'm now suffering panic attacks and waking up in cold sweats every time a door opens in the night (which is every 15 minutes).
> To this day I have received no medical attention nor have I been seen by the psychology department.
> Also the jail in concert has placed many very serious trumped up charges and false allegations against me.
> I have been told that this county doesn't recognize the right to a fast and speedy trial.
> I am therefore incarcerated for an indefinite amount of time with trumped-up charges, an exorbitant jail fee, and no prospect of a trial date in which I can get into court and defend myself.
> Many other citizens are also suffering this abuse and are being held in the SHU where they can't defend themselves being isolated from the courts.

(Doc. No. 1 at 4). Plaintiff alleges that Defendants' conduct constituted cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights. Plaintiff also alleges in the Complaint that he has been wrongly charged with various state crimes and that he is innocent of the pending charges. (Id. at 5-6). Plaintiff seeks declaratory and injunctive relief, including dismissal of the pending state criminal charges against him, as well as compensatory and punitive damages. (Id. at 4).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is

gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

In Farmer v. Brennan, the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1992)). This is a low standard, as the Supreme Court emphasized that "[p]rison conditions may be restrictive and even harsh." Id. at 833 (internal quotations omitted). To sustain an Eighth Amendment claim, a prisoner must show (1) that the deprivation was objectively sufficiently serious—that is, the deprivation must be a "denial of the minimal civilized measure of life's necessities" and (2) that the defendant was deliberately indifferent to the prisoner's health or safety. Id. at 834 (internal quotations omitted). Thus, "[d]eliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and

ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001).

The Court finds that Plaintiff's Eighth Amendment claim against Defendant Brensen based on alleged excessive force by use of a taser gun in Plaintiff's jail cell survives initial review in that it is not clearly frivolous.[1] The Court will, however, dismiss without prejudice Plaintiff's general claim of deliberate indifference to a serious medical need because Plaintiff has not identified a specific individual who was deliberately indifferent to Plaintiff's serious medical needs. That is, Plaintiff has not named any person at the jail who refused to treat him for his alleged injuries.

Finally, as to Plaintiff's allegations in the Complaint regarding the pending state criminal charges and his allegation that his speedy trial rights are being violated, the Court will abstain from addressing Plaintiff's claims related to the pending state criminal charges against him. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Court finds that all of the elements of Younger have been met. The Court will, therefore, abstain from addressing Plaintiff's claims related to the pending state charges. The

---

[1] Plaintiff alleges that he submitted a grievance as to this claim, but it is not clear from the face of the Complaint whether Plaintiff exhausted his administrative remedies. The Court will, therefore, reserve the issue of exhaustion for a determination following service on Defendant and after giving Defendant the opportunity to raise exhaustion as an affirmative defense.

Court notes specifically that, with regard to Plaintiff's claim of a speedy trial violation while he is awaiting trial in state court, Plaintiff may raise his concerns regarding speedy trial violations in the North Carolina state court. See Brazell v. Boyd, 991 F.2d 787 (4th Cir. 1993).

The Court further notes that, to the extent that Plaintiff has sued the "Henderson County Jail" as a Defendant, the Henderson County Jail is not a distinct legal entity capable of being sued. Furthermore, to the extent that Plaintiff has named as a Defendant the prosecutor who brought the charges against him, Defendant Newman is entitled to absolute prosecutorial immunity for actions taken while performing traditional prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409 (1976). Next, Plaintiff has alleged no individual participation by Defendant Sheriff McDonald in the alleged deprivation of Plaintiff's rights. Thus, Plaintiff's claim against Defendant McDonald is also subject to dismissal.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A as to Plaintiff's excessive force claim against Defendant Brensen. All other claims against all other Defendants are dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review as to Plaintiff's excessive force claim against Defendant Brensen, but all other claims against all other Defendants are dismissed. Plaintiff's claim of deliberate indifference to serious medical needs is dismissed without prejudice to Plaintiff to amend the Complaint to name specific persons who were deliberately indifferent to his serious medical needs. Furthermore, because the Court is abstaining from addressing any claims purportedly brought by Plaintiff related to the pending state criminal charges, those claims are

also dismissed without prejudice.

2. The Clerk shall send Plaintiff a summons form to fill out and return to the Court so that service may be made on Defendant Brensen. Once the Court receives the summons form from Plaintiff, the Court will provide the forms to the U.S. Marshal for service on Defendant Brensen.

Frank D. Whitney
Chief United States District Judge