UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-290-FDW

| | |
|---|---|
| EDDIE ELLENBURG, )<br>)<br>           Plaintiff, )<br>)<br>vs. )<br>)<br>HENDERSON COUNTY JAIL, et al., )<br>)<br>           Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on a Motion for Reconsideration by pro se Plaintiff Eddie Ellenburg. (Doc. No. 11).

Pro se Plaintiff Eddie Ellenburg, a North Carolina inmate currently incarcerated at Pasquotank Correctional Institution, filed this action on November 5, 2014, pursuant to 42 U.S.C. § 1983, while he was a pre-trial detainee incarcerated at the Henderson County Detention Center. Plaintiff alleged in the Complaint that Defendants violated his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution based on alleged excessive force and deliberate indifference to serious medical needs. Plaintiff also alleged that he has been wrongly charged with various pending state crimes. In his Complaint, Plaintiff named as Defendants (1) the "Henderson County Jail"; (2) Greg Newman, identified as a "county prosecutor"; (3) Sheriff McDonald, identified as the Sheriff of Henderson County; and (4) Shawn Brensen, identified as an officer at the Henderson County Detention Center.

On initial review, this Court found in an order dated May 6, 2015, that Plaintiff's Eighth Amendment claim against Defendant Brensen based on alleged excessive force by use of a taser

1

gun in Plaintiff's jail cell survived initial review in that it was not clearly frivolous. The Court further dismissed without prejudice Plaintiff's general claim of deliberate indifference to a serious medical need because Plaintiff did not identify in the Complaint any specific individuals who were deliberately indifferent to Plaintiff's serious medical needs. As to Plaintiff's allegations in the Complaint regarding the pending state criminal charges and his allegation that his speedy trial rights were being violated, the Court held that it would abstain from addressing Plaintiff's claims related to the pending state criminal charges against him under <u>Younger v. Harris</u>, 401 U.S. 37, 43-44 (1971). Finally, the Court noted in its order that, in any event, to the extent that Plaintiff sued the "Henderson County Jail" as a Defendant, the Henderson County Jail is not a distinct legal entity capable of being sued. The Court noted further that, to the extent that Plaintiff named as a Defendant the prosecutor who brought the charges against him, Defendant Newman is entitled to absolute prosecutorial immunity for actions taken while performing traditional prosecutorial duties. <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976). The Court also dismissed Defendant Sheriff McDonald on the ground that Plaintiff alleged no individual participation by Sheriff McDonald in the alleged deprivation of Plaintiff's rights.

On May 13, 2015, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff complains in the motion for reconsideration that, as to the Court's dismissal of his deliberate indifference claim, he was unable to name any individual person who was deliberately indifferent to his serious medical needs because he was required to submit his sick calls through a kiosk and he did not know any of the medical providers' names. As to this Court's abstention under <u>Younger</u>, Plaintiff states that all charges

2

against him have been dismissed, except for the assault charge. North Carolina Department of Public Safety records show that Plaintiff was convicted on May 4, 2015, of assault inflicting serious bodily injury, and he was sentenced to four years of imprisonment.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 11), is **DENIED**.

Finally, the Court notes that the docket report does not indicate whether the Clerk of this Court has mailed to Plaintiff a summons form for Plaintiff to return to the Court for service on the sole remaining Defendant in this action—Shawn Brensen. <u>The Clerk is instructed to mail Plaintiff a summons form in accordance with this Court's order dated May 6, 2015, and to note on the docket report that the form has been mailed</u>. Plaintiff shall then, within 20 days of receipt of the form, fill out and return the summons form to this Court for service on Defendant by the U.S. Marshal. If Plaintiff fails to return the summons form to the Court for service on Defendant, then this action will be subject to dismissal for failure to serve Defendant and for failure to prosecute this action.

_Frank D. Whitney_
Frank D. Whitney
Chief United States District Judge