UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-290-FDW

| | |
|---|---|
| EDDIE ELLENBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HENDERSON COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on periodic status review.

Pro se Plaintiff Eddie Ellenburg, a North Carolina state inmate currently incarcerated at Pasquotank Correctional Institution, filed this action on November 5, 2014, pursuant to 42 U.S.C. § 1983, alleging, among other things, that Defendant Shawn Brensen used excessive force against Plaintiff on October 16, 2014, while Plaintiff was a pre-trial detainee at the Henderson County Detention Center. Defendant Brensen was identified in the Complaint as an officer at the Henderson County Detention Center at all relevant times. Following initial review by the Court, Plaintiff submitted a summons form for service by the U.S. Marshal. On August 20, 2015, the U.S. Marshal returned as unexecuted a summons form, indicating that service was attempted by certified mail on a personal address in South Carolina, but that the summons was returned as "not deliverable as addressed—unable to forward." See (Doc. No. 15 at 1).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides

1

the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Brensen.

**IT IS THEREFORE ORDERED THAT**:

(1) Within 30 days of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Brensen. If the U.S. Marshal is unable to locate and obtain and service on Defendant within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve Defendant.

(2) The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Frank D. Whitney
Chief United States District Judge